IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSE IBARRA,

       Applicant,

      v.                                               CIV 10-392 WJ/KBM

ERIC HOLDER, *et al.*,

       Respondents.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on Applicant's application for writ of habeas corpus pursuant to 28 U.S.C § 2241.  Petitioner relies on *Zadvydas v. Davis*, 533 U.S. 678 (2001) which held that it is presumptively reasonable to detain an alien for a period of six months after an alien has been ordered removed while attempting to effectuate his removal from the United States.  *Id.* at 701.  However, it is only when the alien becomes subject to a final order of removal that the six-month removal period recognized in *Zadvydas* begins to run.  *See Demore v. Kim*, 538 U.S. 510, 511-12 (2003).   As Respondent notes, there has been no final removal order as to Petitioner that would trigger a *Zadvydas* analysis.

Rather, it appears that Petitioner is contesting pre-final order detention, which is governed by 8 U.S.C. § 1226.  *See Demore*, 538 U.S. at 517-518.  I agree with Respondent that, under the facts of this case, such a challenge lacks merit at this time.

> 8 U.S.C. § 1226(a) authorizes the arrest and discretionary detention of aliens pending a decision on whether the alien is to be removed from the United States.  Since the time Petitioner was first taken into custody, he has received two individualized bond hearings, both of which resulted in the IJ ordering his release on bond.  Both times, Petitioner has violated the terms of his release by being arrested on new crimes.  Petitioner has not requested

> another bond hearing since his second return to ICE custody. His failure to pursue any administrative remedies prevents this Court from granting him relief, as exhaustion is a prerequisite of § 2241 relief.  *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010).

*Doc. 7* at 3.

Wherefore,

**IT IS HEREBY RECOMMENDED** that this action be DISMISSED.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE